Reversed and Remanded and Majority and Concurring Opinions
filed April 20, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00098-CV



Mahesh
Ramchandani, M.D. and Texas Surgical Associates,

Appellants

v.

Gonzalo Jimenez,
Appellee 



On Appeal from
the 127th District Court

Harris County, Texas

Trial Court
Cause No. 2008-36498



 

MAJORITY  OPINION 

The main issue in this appeal is whether all of the
plaintiff’s breach-of-contract claims against a surgeon and a health care
organization should be characterized as health care liability claims or
whether, as the trial court ruled, only some of these claims should be so
characterized.  We conclude that all of the claims are health care liability
claims, and that the trial court abused its discretion to the extent it denied
the defendants’ motion to dismiss under section 74.351(b) of the Texas Civil
Practice and Remedies Code and to the extent it denied recovery of reasonable
attorney’s fees under that statute.  Accordingly, we reverse and remand.

I.  Factual and Procedural Background

            Appellee Gonzalo
Jimenez filed suit against appellants Mahesh Ramchandani, M.D. and Texas
Surgical Associates (collectively the “Ramchandani Parties”) claiming that he
sustained damages associated with a surgical procedure.  According to the
original petition and first amended petition, Jimenez entered into an oral
contract with Dr. Ramchandani, who works for Texas Surgical Associates, in
which they agreed that only Dr. Ramchandani would perform a surgical procedure
on Jimenez’s right carotid artery.  Jimenez claimed that another doctor, Utham
Tripathy, M.D., performed the operation without his consent and that he was not
aware that a doctor other than Dr. Ramchandani would perform the surgery. 
Jimenez claimed Dr. Tripathy was negligent and incompetent in performing the
surgery, resulting in Jimenez’s losing his voice and suffering impairment in
his ability to speak.  Jimenez claimed his injuries were a direct result of Dr.
Ramchandani’s failure to perform the surgery as agreed.  Jimenez asserted that
he was entitled to compensation for all past, present, and future injuries,
damages, and losses caused by the breach of contract.

            In response, the
Ramchandani Parties filed an answer and general denial.  They denied any breach
of contract and characterized Jimenez’s claim as a health care liability
claim.  In their answer, the Ramchandani Parties asserted that Jimenez had not
filed an expert report in accordance with several provisions of the Texas Civil
Practice and Remedies Code.

            The Ramchandani
Parties filed a motion to dismiss Jimenez’s claims for failure to comply with
section 74.351 of the Texas Civil Practice and Remedies Code, which pertains to
health care liability claims.  According to the motion, Jimenez attempted to
improperly recharacterize his health care liability claims as actions for
breach of contract.  The Ramchandani Parties asserted that Jimenez had failed
to provide an expert report within 120 days of filing suit as required for
health care liability claims, as set forth in section 74.351(a) of the Texas
Civil Practice and Remedies Code.

            In a response in
opposition, Jimenez denied that his claims were governed by Chapter 74 of the
Texas Civil Practice and Remedies Code, also referred to as the Medical
Liability Act.  Jimenez asserted that no expert report was required because the
claim was an action for breach of a medical contract and a medical ethics
lawsuit.  Jimenez also referred to a second amended petition in which he added
a claim for fraud.[1]


            The Ramchandani
Parties replied and attached hospital records relating to the procedure.  The
records contain a consent form in which Jimenez requested Dr. Ramchandani as a
physician, “and such associates, technical assistants and other health care
providers as they [sic] deem necessary” to treat the condition.  Several of the
medical records list Dr. Ramchandani as surgeon for the procedure and Dr.
Tripathy as assisting surgeon.  An operation report indicates that Dr. Tripathy
was the surgeon and Dr. Ramchandani was the assisting surgeon.  The Ramchandani
Parties also attached an affidavit of attorney Gary Sommer regarding attorney’s
fees.

            The record
contains a notice of oral hearing on the Ramchandani Parties’ motion, set for
November 24, 2008 (hereinafter “November Hearing”); however, the record does
not contain a transcript or reporter’s record of a hearing on this date.  The
record contains the following electronic docket sheet entry on November 24,
2008: “D’s M/Dismiss Plaintiff’s contract and fraud allegations.  Plf to
replead within 21 days as to contract claims.”  The record contains an amended
notice of oral hearing on the Ramchandani Parties’ motion to dismiss “that
began on November 24, 2008,” which “will resume on Monday, December 15, 2008.”

            In his third
amended petition filed on December 9, 2008, Jimenez asserts the following:

·       
Jimenez and Dr. Ramchandani entered into an oral contract under
which only Dr. Ramchandani would operate on Jimenez’s right carotid artery.

·     
Dr. Tripathy performed the surgery without Jimenez’s consent or
awareness that another doctor would perform the procedure.  Jimenez was not
given prior notice that Dr. Ramchandani would not be performing the procedure.

 

·     
Jimenez lost his voice and his speaking ability is materially
changed for the rest of his life. These injuries were the result of Dr.
Tripathy’s incompetence and negligence.  Jimenez did not know Dr. Tripathy or
have a consensual relationship with Dr. Tripathy. 

 

·     
The injuries were a direct result of Dr. Ramchandani’s failure to
perform the surgery as agreed.  But for the actions of Dr. Ramchandani, no
damages would have been inflicted on Jimenez.

 

·     
Dr. Ramchandani breached an oral contract by designating another
physician to perform the surgery.

 

·     
Jimenez suffered damages as a result of the breach.

Jimenez claims damages from
the alleged loss of the benefit of the contract.  He requests to be placed in
the same economic position he would have enjoyed had Dr. Ramchandani not
breached the contract as alleged.  Jimenez also alleges that he will continue
to suffer medical injuries that will exceed the minimum jurisdictional limits,
and accordingly Jimenez requests a sum in excess of the minimum jurisdictional
limits. 

At a hearing on December 15, 2008 (hereinafter the
“December Hearing”), the trial court referred to a prior hearing and indicated
that the Ramchandani Parties had asserted a motion to dismiss contract and
fraud claims.  The trial court indicated that it previously had granted Jimenez
leave to amend within 21 days to include any additional allegations in the
pleadings.  The trial court also indicated that, at the prior hearing, it
granted “basically the special exceptions or whatever it is.”  Jimenez
acknowledged that, now based on the amended pleadings, the action was based strictly
on contract and he “deleted those other causes of action.”  In open court, the
trial judge granted the Ramchandani Parties’ motion to dismiss the claims
involving damages for suffering, disfigurement of vocal chords, impairment of
the ability to speak, and medical injuries exceeding the minimum jurisdictional
limits.  The trial court indicated that it denied the motion to dismiss as to
any claims for contract damages.

            In addressing the
Ramchandani Parties’ request for attorney’s fees associated with the health
care liability claims, Jimenez argued that the trial court previously had ruled
on the motion to dismiss.  For support, Jimenez referred to a letter dated
December 9, 2008, which was filed along with his third amended petition, in
which Jimenez wrote to the district clerk, “This letter is also to advise the
Defendant that the court has already ruled and denied the Defendant’s motion. 
The Court has given Defendant no leave of court to file for a second regarding
the same issues that she has already ruled on.”  Jimenez argued that because
the trial court already had ruled on the motion,[2]
there was no need for this second hearing and, therefore, attorney’s fees
should have been denied.  The trial court denied the Ramchandani Parties’
request for attorney’s fees.

The record contains a trial court order, signed on
December 30, 2008, in which the trial court granted the Ramchandani Parties’
motion to dismiss all of Jimenez’s health care liability claims regarding
medical treatment and all damages associated with the alleged disfigurement of
Jimenez’s voice and vocal chords and impairment of his ability to speak.  The
trial court (1) dismissed the claims with prejudice for failure to comply with
section 74.351(a), (2) denied the Ramchandani Parties’ request for attorney’s
fees under section 74.351, and (3) denied the Ramchandani Parties’ motion as to
the breach-of-contract claim “seeking economic contract damages allowed under
contract law.”  The Ramchandani Parties now appeal, challenging the trial
court’s failure to award attorney’s fees, failure to dismiss all of Jimenez’s
claims, and failure to grant the motion to dismiss at the November Hearing.

 

II.        Issues and Analysis

A.        Did the trial court abuse its discretion in failing to
dismiss all of the claims in the third amended petition?

            In their third
issue, the Ramchandani Parties assert that the trial court abused its
discretion in failing to dismiss all of the claims in Jimenez’s third amended
petition.  The Ramchandani Parties assert that the trial court failed to
correctly characterize all of Jimenez’s claims as health care liability claims
that should have been dismissed.

A
“health care
liability claim” is defined as

 

a cause of action against a health care provider or physician
for treatment, lack of treatment, or other claimed departure from accepted
standards of medical care, or health care, or safety or professional or
administrative services directly related to health care, which proximately
results in injury to or death of a claimant, whether the claimant’s claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13)
(Vernon 2005).  Whether a claim falls within the
definition of “health care liability claim” requires an examination of the essence or underlying nature
of the plaintiff’s claim.  Diversicare
Gen. Partners, Inc. v. Rubio, 185 S.W.3d 842, 851 (Tex. 2005).  A cause of action against a
health care provider or physician is a health care liability claim if it is
based on a claimed departure from an accepted standard of medical care or
health care, which allegedly caused injury to or death of a claimant, whether
the action sounds in tort or contract.  See id. at 848.  A claimant alleges
such a departure from accepted standards of medical care or health care if the
act or omission complained of is an inseparable part of the rendition of
medical services.  See id.; Garland
Cmty. Hosp. v. Rose, 156 S.W.3d
541, 544 (Tex. 2004).  When the essence of a suit is a health care
liability claim, a claimant cannot
avoid the requirements of the legislature’s statutory scheme through artful
pleading.  See Rose, 156 S.W.3d at 543.

            Jimenez’s claims
are based on Dr. Ramchandani’s alleged breach of an agreement that only he
would operate on Jimenez’s right carotid artery.  Jimenez asserts that Dr.
Ramchandani breached this agreement by failing to perform the surgery as agreed
and by designating another doctor to perform the surgery.  Dr. Ramchandani’s
alleged failure to perform the surgery as agreed and his alleged designation of
another doctor to perform the surgery are necessarily part of the rendition of
health care services.  Regardless of the damages that Jimenez seeks for the
alleged breaches of contract, we conclude that the acts or omissions alleged in
Jimenez’s suit are an inseparable part of the rendition of health care services
and that the essence of this suit is a health care liability claim.[3] See
Murphy v. Russell, 167 S.W.3d 835, 837–39 (Tex. 2005) (holding that claims
for breach of contract, battery, and violations of the Deceptive Trade
Practices Act based on alleged breach by anesthesiologist of his agreement not
to administer general anesthesia to patient were health care liability claims
under former article 4590i); Hunsucker v. Fustok, 238 S.W.3d 421, 426–29
(Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that claims for fraud,
assault, and battery, based on surgeon’s performance of one surgical procedure
when he allegedly had agreed to perform another surgical procedure, were health
care liability claims under former article 4590i).  Therefore, the trial court
abused its discretion to the extent it denied the Ramchandani Parties’ motion
to dismiss.

            Jimenez asserts
that the Ramchandani Parties waived any complaint regarding the trial court’s
failure to dismiss Jimenez’s third amended petition because they did not move
to dismiss this petition.  The Ramchandani Parties filed their motion to
dismiss before Jimenez filed his third amended petition.  Nonetheless, the
Ramchandani Parties moved to dismiss all of Jimenez’s claims, without limiting
the motion to a particular petition.  The trial court denied, in part, this
motion to dismiss.  Therefore, the Ramchandani Parties preserved error and did
not waive the appellate complaint they raise in their third issue.

            Jimenez also
asserts that the Ramchandani Parties requested or invited the ruling that the
trial court made on their motion to dismiss.  The record reflects that, during
the December Hearing, counsel for the Ramchandani Parties suggested that the
motion could be disposed of by an agreed order, under which the trial court
would dismiss all claims except for “the breach of contract claim for the
amount paid to Dr. Ramchandani for services.”  The trial court, however, asked
if counsel for Jimenez agreed with this disposition, and Jimenez’s counsel
stated that he did not agree.  Instead, counsel for Jimenez asserted that the
trial court should deny the motion as to Jimenez’s “breach of contract claim
against [the Ramchandani Parties] and all claims submitted under lawful breach
of contract damages.”  With no agreement as to the disposition of the motion to
dismiss, the trial court proceeded to rule on the motion in a manner that was
different from the disposition proposed by the Ramchandani Parties.  We
conclude that the parties did not agree as to how the trial court should
dispose of the motion.  Therefore, the Ramchandani Parties did not request or
invite the ruling that the trial court made on the motion.  

For the reasons stated above, the trial court abused
its discretion to the extent it denied the Ramchandani Parties’ motion to
dismiss.  Accordingly, we sustain the Ramchandani Parties’ third issue.[4]

B.        Did the trial court err in failing to award attorney’s
fees when dismissing the health care liability claims?

            In their first
issue, the Ramchandani Parties assert that the trial court abused its
discretion in failing to award attorney’s fees and costs when dismissing the
health care liability claims.

Section 74.351 requires that if an expert report has
not been served within the statutorily required period of time, upon the motion
of the affected physician or health care provider, the trial court shall enter
an order awarding reasonable attorney’s fees and costs and dismiss the claim
with prejudice.  Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(b) (Vernon Supp. 2009).  The Texas Supreme
Court has plainly stated that a plaintiff who fails to file a timely and
sufficient report is subject to paying a healthcare defendant’s attorney’s fees and costs should the defendant move to dismiss the plaintiff’s
claims under Chapter 74.  Hernandez
v. Ebrom, 289 S.W.3d 316, 318 (Tex. 2009)
(“If a timely and sufficient report is not served, the trial court must award
the provider its attorney’s fees and costs and dismiss the case with
prejudice.”); see also Davis v. Webb, 246 S.W.3d 768, 774 (Tex.
App.—Houston [14th Dist.] 2008, no pet.) (stating that “[u]nder subsection
74.351(b)(1), the trial court must enter an order awarding reasonable
attorneys’ fees and costs of court when dismissing a case for failure to timely
serve the required expert report”).

Although Jimenez asserts that the Ramchandani Parties
presented no evidence to support an award of attorney’s fees, the record
reflects that the Ramchandani Parties submitted an affidavit in support of
their request for attorney’s fees.  Jimenez also argues that a request for
attorney’s fees must be supported by expert testimony in court rather than
expert testimony by affidavit.  Jimenez cites no authority that supports this
proposition, and we reject it.  The affidavit submitted by the Ramchandani
Parties was sufficient to support their request for attorney’s fees.

At the December Hearing, after the trial court
granted the Ramchandani Parties’ motion to dismiss in part, the Ramchandani
Parties reminded the trial court of their attorney’s fees request, and the
trial court denied this request.   The Ramchandani Parties preserved error on
their complaint that the trial court erred in denying their request for attorney’s
fees and costs under section 74.351(b) of the Texas Civil Practice and Remedies
Code.  See Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(b).  We have concluded that the trial court
should have granted the Ramchandani Parties’ motion to dismiss as to all of Jimenez’s
claims.  Therefore, under this statute, the Ramchandani Parties are entitled to
reasonable attorney’s fees and costs, and the trial court erred in denying
their request for them.  See Hernandez, 289 S.W.3d at 318; Granbury
Minor Emergency Clinic v. Thiel, 296 S.W.3d 261, 274 (Tex. App.—Fort Worth
2009, no pet.); Davis, 246 S.W.3d at 774.  Accordingly, we sustain the
Ramchandani Parties’ first issue. 

III.      Conclusion

The trial court abused its discretion to the extent
it denied the Ramchandani Parties’ motion to dismiss and denied their request
for attorney’s fees and costs under section 74.351(b) of the Texas Civil
Practice and Remedies Code.  Accordingly, we reverse the trial court’s order
and remand for further proceedings for the trial court to dismiss all of
Jimenez’s claims and to award the Ramchandani Parties the reasonable attorney’s
fees and costs that they have incurred, in accordance with section 74.351(b) of
the Texas Civil Practice and Remedies Code.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost, and Brown.  (Yates,
J., concurring).









[1]
The record does not contain a file-stamped copy of the second amended petition.





[2]
There is no evidence in the record to suggest that the trial court had ruled on
the Ramchandani Parties’ motion to dismiss prior to the December Hearing.  The
only trial court order in the record is one signed December 30, 2008, which is
discussed below.





[3]
The holding in this case should not be interpreted so as to suggest that a
claim for breach of contract against a health care provider is necessarily a
health care liability claim or that a claim for breach of contract against a
health care provider can never stand as a separate, non-health care liability
claim.





[4]
Because we conclude that the trial court erred to the extent it denied the
Ramchandani Parties’ motion to dismiss, we need not and do not address the
second issue, in which the Ramchandani Parties assert that the trial court
erred by failing to grant their motion at the November Hearing.